**Anthony Stocker MINA, Appellant**

v.

**ENET ADVERTISING; Optima Web Design; Ron Shur; Nickolai Potapov; Judge John L. Braxton.**

No. 15–1644.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Sept. 17, 2015.

Filed: Sept. 29, 2015.

Anthony S. Mina, Malvern, PA, pro se.

Before: FISHER, SHWARTZ and GREENBERG, Circuit Judges.

OPINION *

PER CURIAM.

Anthony Stocker Mina sought permission to file in forma pauperis a motion

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

under Federal Rule of Civil Procedure 60(b) to set aside an order of the Court of Common Pleas of Chester County, Pennsylvania, dismissing his state-court action. The District Court granted Mina's motion to proceed in forma pauperis, and, pursuant to its screening obligations under 28 U.S.C.1915A, denied the Rule 60 motion and dismissed the case. The District Court reasoned that it could not overturn a state court's judgment under Rule 60(b), and that the relief Mina requested was barred by the *Rooker–Feldman* doctrine. Mina appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal order. *See Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir.2000). We may summarily affirm if the appeal presents no substantial questions. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The District Court properly dismissed Mina's Rule 60(b) motion seeking to set aside the state court's judgment. As the District Court determined, a federal district court cannot overturn a state court judgment pursuant to Rule 60(b). Moreover, the *Rooker-Feldman* doctrine bars Mina's attempt invalidate the Court of Common Pleas' judgment dismissing his case. The *Rooker–Feldman* doctrine deprives federal district courts of jurisdiction "over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 165 (3d Cir.2010). The *Rooker–Feldman* doctrine applies when four requirements are met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.* at 166 (altera-

tions in original) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)). Mina's claims satisfy these four requirements. Therefore the District Court correctly dismissed his case with prejudice.

Accordingly, we will summarily affirm the judgment of the District Court.